UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JERIMIAH SIMMS,

                Plaintiff,

v.

MICHAEL HATHAWAY, *et al*.,

                Defendants.

Case No. C23-5068-MJP-SKV

REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motion for preliminary injunctive relief. Dkt. 9. Defendants, who were apparently not served with the motion, have not filed a response. The Court, however, deems a response unnecessary at this juncture. The Court, having now reviewed Plaintiff's complaint, his motion for preliminary injunctive relief, his declaration in support of his motion, and the balance of the record, concludes that Plaintiff's motion should be denied.

### II.    BACKGROUND

Plaintiff is a state prisoner who is currently confined at the Clallam Bay Corrections Center ("CBCC") in Clallam Bay, Washington. He submitted his civil rights complaint to this

REPORT AND RECOMMENDATION - 1

Court for filing on January 23, 2023, shortly after he was transferred from the Airway Heights Corrections Center ("AHCC") to CBCC. Dkt. 1. Plaintiff asserts in his complaint claims relating to his confinement at AHCC. *See* Dkt. 5. In particular, Plaintiff appears to claim that while confined at AHCC in 2022, and continuing into early 2023, he was harassed by corrections staff at that facility because of his prior legal activities against the Washington Department of Corrections ("DOC") and its employees, because he has written books and published website content critical of the DOC, and because he was featured in a widely published news article that was highly critical of the DOC and AHCC. *See id*. at 3-6. Plaintiff also appears to claim that he was falsely infracted by AHCC staff, sent to solitary confinement, classified to a higher custody level, and transferred to CBCC in retaliation for engaging in these protected activities. *Id*. at 6-11, 14

In addition to his retaliation claims, Plaintiff also asserts that he was denied due process in the AHCC disciplinary hearing process, a process which resulted in Plaintiff being found guilty of an infraction he asserts he did not commit and his extended confinement in disciplinary segregation at AHCC. *See* Dkt. 5 at 8-13, 15. Finally, Plaintiff asserts a somewhat vague equal protection claim which also appears to be related to the AHCC disciplinary process. *See id*. at 14-15.

Plaintiff identifies the following Defendants in complaint: (1) Michael Hathaway, Prison Disciplinary Program Manager at the Monroe Correctional Complex ("MCC"); (2) AHCC Custody Unit Supervisor Christopher Fitzpatrick; (3) AHCC Infraction Hearings Officer Donna Byrnes; and (4) AHCC Associate Superintendent Frank Rivera. Dkt. 5 at 2-3. Plaintiff requests declaratory and injunctive relief in his complaint, as well as damages, costs, and attorney's fees. *Id*. at 15-16.

REPORT AND RECOMMENDATION - 2

On February 3, 2023, the Court issued an Order directing service of Plaintiff's complaint on Defendants. Dkt. 6. Shortly thereafter, on February 10, 2023, the Court received a letter from Plaintiff that appeared to contain a request for preliminary injunctive relief to prevent his transfer from CBCC back to AHCC. Dkt. 7. On February 14, 2023, the undersigned issued a Minute Order advising Plaintiff that if he intended to seek preliminary injunctive relief, he would have to file a proper motion explaining why he was entitled to relief under the applicable standard, which the Court provided for him, and he would have to serve the motion on Defendants.[1] Dkt. 8.

On March 5, 2023, Plaintiff filed what he identified as a "Motion for a Restraining Order and/or a Preliminary Injunctive Relief." Dkt. 9. Plaintiff asserts in his motion that on February 8, 2023, staff at CBCC "attempted to demand" that he transfer to AHCC.[2] Plaintiff further asserts that, in response to that demand, he "peaceably" refused to transfer to AHCC, and he refused to cuff-up for purposes of being escorted to solitary confinement. *Id*. at 3. Plaintiff indicates that despite his lack of cooperation, he was ultimately restrained and escorted to solitary confinement. *Id*. Plaintiff was subsequently infracted for his conduct on February 8, 2023, and he was thereafter found guilty of numerous rule violations. *See id*. at 4-5; Dkt. 10, Exs. 3, 4.

Plaintiff complains that as a result of the guilty finding, CBCC Associate Superintendent Julieann Smith determined that he would remain in long-term solitary confinement, which he

---

[1] Plaintiff offers no explanation as to why he failed to serve his motion on Defendants in accordance with the Court's prior directive.

[2] Plaintiff refers to CBCC staff members as "WADOC staff," *i.e.,* Washington Department of Corrections staff. (*See* Dkt. 9 at 3.) Although this designation is perhaps technically correct, it is also imprecise. The individuals whose conduct has been placed at issue in Plaintiff's motion for injunctive relief are employed at CBCC where the events giving rise to Plaintiff's motion occurred.

REPORT AND RECOMMENDATION - 3

maintains is not warranted for his "nonviolent passive infractions." Dkt. 9 at 5. Plaintiff asserts that he has been in solitary confinement at CBCC since February 8, 2023, and "has been suffering the debilitating mental affects [sic] of isolation and sensory deprivation." *Id*. at 6. Plaintiff also claims that during his time in solitary confinement he has been separated from his legal materials, and he argues that he cannot litigate this action from long-term solitary confinement, nor should he be required to do so. *Id*. at 6-7.

Finally, Plaintiff makes reference in his motion for preliminary injunctive relief to a representation by the DOC's Classification and Case Management Administrator, Gary Bohon, that AHCC is the only available option for Plaintiff's placement. Dkt. 9 at 4. Plaintiff claims that MCC would be an option as well because, though he previously had a "prohibited placement" for MCC, that prohibition is now invalid. *See id*. at 4-5.

Plaintiff requests in his motion that he be granted an injunction directing the DOC to: (1) release him from solitary confinement; (2) place him back in "D-Unit" at CBCC; (3) review the infractions which led to his placement in solitary confinement on the grounds that the defenses he presented were not adequately considered at the initial infraction hearing; and (4) review him for placement at the MCC, as an alternative to placement at AHCC. *See id*. at 8-9.

### III. DISCUSSION

#### A. Legal Standard

To obtain preliminary injunctive relief, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the "sliding scale" version of this test, a preliminary injunction may be appropriate where there are

REPORT AND RECOMMENDATION - 4

serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor, and where the irreparable harm and public interest factors are satisfied. *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).

The purpose of preliminary injunctive relief is to preserve the positions of the parties until a trial on the merits can be held. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is, however, "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoted source omitted; emphasis added by Supreme Court); *See also Winter*, 555 U.S. at 24 ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

In addition, a preliminary injunction is only intended to grant intermediate relief of the same character that would be granted if the party seeking the injunction succeeded on the underlying claims. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)). Thus, a district court lacks authority to grant injunctive relief to address matters that have no relationship or nexus to the claims set forth in the underlying complaint. *Id.* Likewise, a court lacks authority to issue an order against an individual who is not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969).

**B.     Analysis**

This Court lacks authority to grant Plaintiff the relief he seeks by way of his motion for preliminary injunctive relief. Plaintiff's complaint concerns the conditions of his confinement at AHCC and, in particular, the conduct of three AHCC employees, and one MCC employee, in relation to a disciplinary proceeding that took place at AHCC. In contrast, Plaintiff's motion for

REPORT AND RECOMMENDATION - 5

preliminary injunctive relief concerns the conditions of his current confinement at CBCC and, in particular, the purported decision of CBCC Associate Superintendent Julieann Smith to assign Plaintiff to long-term solitary confinement after he was found guilty of refusing to transfer to AHCC and other related charges. There is simply not a sufficient nexus between Plaintiff's request for injunctive relief and the claims set forth in his underlying complaint to permit this Court to address his current request.

Even assuming Plaintiff had established a sufficient nexus between his underlying claims and his request for injunctive relief, this Court lacks jurisdiction to enjoin the actions of those whose conduct is at issue in the instant motion. Plaintiff requests in his motion that the conduct of the WADOC be enjoined. *See* Dkt. 9 at 8-9. However, the DOC (or WADOC as Plaintiff refers to it) is not a Defendant in this action, and the Court therefore has no authority to enjoin its conduct. Moreover, it appears from Plaintiff's statement of facts in his motion for injunctive relief that the conduct he is challenging, and seeks to enjoin, is that of various CBCC employees and, in particular, that of CBCC Associate Superintendent Smith, none of whom are defendants in this action. As is the case with the DOC, this Court lacks the authority to enjoin the actions of CBCC employees. Because Plaintiff effectively requests that the Court order non-parties to act, his motion must be denied.

## IV.     CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's motion for preliminary injunctive relief (Dkt. 9) be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

REPORT AND RECOMMENDATION - 6

and Recommendation is signed.  Failure to file objections within the specified time may affect the right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within ***fourteen (14) days*** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on ***April 28, 2023***.

DATED this 4th day of April, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7