1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JERIMIAH SIMMS,

               Plaintiff,

     v.

MICHAEL HATHAWAY,
CHRISTOPHER FITZPATRICK,
DONNA BYRNES, and FRANK
RIVERA,

               Defendants.

CASE NO. C23-5068 MJP

ORDER GRANTING PLAINTIFF'S
MOTION FOR RELIEF FROM
JUDGMENT AND APPOINTMENT
OF COUNSEL

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment and

Motion for Appointment of Counsel. (Dkt. Nos. 27, 29 (duplicative), 30 (duplicative).)  Having

reviewed the Motion and all supporting materials, and noting the absence of any response from

Defendants, the Court GRANTS the Motion for Relief from Judgment REOPENS this matter.

The Court also GRANTS Plaintiff's Motion for Appointment of counsel.

**BACKGROUND**

This is a pro se civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Daniel Simms submitted his complaint to the Court for filing on January 23, 2023, and was permitted to proceed with this action in forma pauperis. (See Dkt. Nos. 1, 4.) Simms alleged in his complaint that while confined at the Airway Heights Corrections Center ("AHCC") in 2022, and continuing into early 2023, he was harassed by corrections staff at that facility because of his prior legal activities against the Washington Department of Corrections ("DOC") and its employees, because he had written books and published website content critical of the DOC, and because he was featured in a widely published news article that was highly critical of the DOC and AHCC. (See Complaint at 3-6 (Dkt. No. 5).) Simms also appeared to claim that he was falsely infracted by AHCC staff, sent to solitary confinement, classified to a higher custody level, and transferred to the Clallam Bay Corrections Center ("CBCC") in retaliation for engaging in these protected activities. (Id. at 6-11, 14.) Finally, Simms claimed that he had been denied due process and equal protection in relation to the AHCC disciplinary hearing process. (See id. at 8-15.)

In June 2023, Simms filed a motion to dismiss without prejudice because he did not believe he had access to the necessary evidence and because he was litigating a personal restraint petition ("PRP") in the state courts with respect to the infraction underlying this case. (See Report and Recommendation at 2 (Dkt. No. 24).) Simms indicated he wished to exhaust the PRP before pursuing the claims asserted in the Complaint filed in this Court. (Id.) The Court then adopted Magistrate Judge Vaughan's Report and Recommendation that urged the Court to grant Simms's unopposed request for dismissal. (Dkt. No. 25.) The Court dismissed the matter without prejudice on August 22, 2023. (Id.)

On September 6, 2024, Simms filed his Motion for Relief from Judgment after Defendant Michael Hathaway agreed on June 3, 2024, to expunge his infraction and restore fifteen days of lost "Good Conduct" time that was the subject of his PRP. (See Mot. at 3 and Ex. 1.) As a result of Hathaway's decision to expunge the infraction, Simms voluntarily dismissed his PRP, having "obtained the relief requested in his petition. (Id. Ex. 2.) Simms now desires to pursue his claims that were asserted in the initial complaint filed in this Court, claiming that any concerns about the "Heck/Edwards rules" have been resolved through the PRP. (Mot. at 3.) And Simms asks the Court to appoint counsel. (Id. at 6-11.) Defendants have filed no opposition.

## ANALYSIS

### A.    Legal Standard

Rule 60(b)(5) allows for relief from judgment when "judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). And "Rule 60(b)(6) provides a catchall provision allowing for relief from judgment for "any other reason." Fed. R. Civ. P. 60(b)(6). Under Rule 60(b)(6), the Ninth Circuit has explained that the court should decide a request to vacate "in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes." Am. Games, Inc. v. Trade Prod., Inc., 142 F.3d 1164, 1168 (9th Cir. 1998) (citation and quotation omitted). Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1).

Here, the Court finds vacating the judgment to be proper under both Rule 60(b)(5) and (b)(6). The Court granted Simms's unopposed motion to dismiss without prejudice so that he could exhaust his PRP and obtain any relief regarding the infraction itself. Simms has now

ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND APPOINTMENT OF COUNSEL - 3

achieved the relief he sought on his PRP and the Heck/Edwards issue Simms identified no longer

appears to pose any issue. In other words, the reasons motivating Simms to seek dismissal no

longer exist. The Court finds that setting aside the dismissal is appropriate here, and that Simms

acted with diligence both in seeking the dismissal and in now asking for the Court to set aside the

judgment. The Court GRANTS the Motion, VACATES the judgment, and REOPENS this

matter.

**B.**    **Motion to Appoint Counsel**

Invoking 28 U.S.C. § 1915(e)(1), Simms asks the Court to appoint counsel. The Court

agrees with the request.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust

Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). And federal courts lack the

authority "to make coercive appointments of counsel." Mallard v. United States District Court,

490 U.S. 296, 310 (1989). But districts courts have two sources of discretion to appoint counsel

in a civil proceeding. First, if the district court finds "exceptional circumstances, it may request

appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). See Agyeman v.

Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional

circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood

of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his

claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v.

Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935 F.2d 1015,

1017 (9th Cir. 1991). Second, district courts have inherent authority to appoint counsel in civil

proceedings when necessary to aid the court in its judicial function. See Perez v. Barr, 957 F.3d

958, 965 (9th Cir. 2020) "It has long been recognized that courts have the inherent authority to

appoint counsel when necessary to the exercise of their judicial function, even absent express statutory authorization." Id. "'Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties [and t]his power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause.'" Id. (quoting Ex Parte Peterson, 253 U.S. 300, 312 (1920) (citation omitted)). "This inherent judicial authority has been codified in the All Writs Act, which provides that '[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" Id. (quoting 28 U.S.C. § 1651(a)).

The Court here finds that appointment of counsel is appropriate, given the nature and quality of the allegations, the factual and legal complexity of the claims, and the difficulty Simms may face in litigating this matter while incarcerated, including retaining and working with experts. While Simms has demonstrated a strong ability to represent himself, he faces substantial hurdles in trying this case before a jury without assistance of counsel. The Court also finds that appointment of counsel will assist the Court in performing a thorough and complete examination of the merits of Simms's claims. For these reasons, the Court GRANTS Simms's Motion to Appoint Counsel and DIRECTS the District's Coordinator of the Pro Bono Panel to identify an attorney(s) or law firm from the Pro Bono Panel to represent Simms for all further proceedings.

## CONCLUSION

The Court agrees with Simms that the judgment should be set aside now that he has successfully completed his attack to the underlying infraction. And the Court finds that counsel

should be appointed to help Simms litigate this matter. For these reasons, the Court GRANTS

the Motion and DIRECTS the District's Pro Bono Coordinator to locate counsel to represent

Simms as specified above.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated November 13, 2024.

Marsha J. Pechman
United States Senior District Judge